IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF MARQUEZ SMART BY
RANDALL SMART AND BRENDA
BRYANT, AS ADMINISTRATORS OF
THE ESTATE OF MARQUEZ SMART, and
RANDALL SMART AND BRENDA
BRYANT, AS HEIRS OF MARQUEZ
SMART, DECEASED,

    *Plaintiffs.*

vs.

THE CITY OF WICHITA, THE WICHITA
POLICE DEPARTMENT, and OFFICERS
LEE FROESE AND AARON CHAFFEE IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

    *Defendants.*

Case No. 2:14-CV-02111-EFM-JPO

**MEMORANDUM AND ORDER**

Plaintiffs seek monetary damages from the City of Wichita, the Wichita Police Department, and Wichita Police Officers Lee Froese and Aaron Chaffee ("Defendants"), under 42 U.S.C. §§ 1983 and 1988, for alleged constitutional violations, negligent use of force, and wrongful death. This matter is before the Court on Defendants' Motion to Dismiss Defendant Wichita Police Department (Doc. 9). For the reasons stated below, Defendants' motion is granted.

### I.     Factual and Procedural Background

Plaintiffs' Complaint sets forth the following facts. On the evening of March 10, 2012, Marquez Smart ("Smart") and his cousin went to a concert at Doc Howards, a Wichita nightclub. That evening, there were between four and five hundred people in the area attending various concerts. The concert at Doc Howards ended around 1:45 am. As officers ushered the crowd away from the nightclub, a scuffle broke out, and a black male in a yellow shirt fired a handgun twice. The shooter then ran through the panicked crowd toward a parking garage while fumbling with his handgun.

Defendant Officer Froese ("Froese") chased the shooter and fired his handgun repeatedly as the shooter ran into the parking garage. Defendant Officer Chaffee ("Chaffee"), who had been watching the crowd from an elevated platform, sprinted from the platform to the street in pursuit of the shooter. In the commotion, both officers lost sight of the shooter. After a brief chase, Froese and Chaffee located a man in a yellow shirt, Smart, who they believed to be the shooter. Chaffee fired his handgun, and Smart fell face down with his arms outstretched and head nodding in complete surrender.

A witness stated that Chaffee then fired his handgun two to three times into Smart's back as Smart lay prone on the ground. Smart suffered five bullet wounds and was pronounced dead at 2:32 am. Although the officers bagged Smart's hand, a gunshot residue test was never performed. Smart was unarmed when he was shot; however, officer reports indicate that there was a gun found in an alleyway a significant distance from Smart's location.

On November 27, 2013, Plaintiffs filed this claim as administrators of the estate and heirs of Marquez Smart against the City of Wichita, the Wichita Police Department, and Officers Froese and Chaffee. Plaintiffs allege constitutional violations, negligent use of force, and

wrongful death. Defendants now seek to dismiss Plaintiffs' claims as they pertain to Defendant Wichita Police Department, for (1) insufficiency of process and service of process, and (2) improper party.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass

---

[1] FED. R. CIV. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[3] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[7]

### III.   Analysis

The purpose of Defendants' motion is quite limited: Defendants seek to dismiss the Wichita Police Department as a party to this action, alleging that, as a department or subunit of the City of Wichita, the Police Department is not a separate entity subject to suit. No response has been filed, and Plaintiffs appear to concede this issue.[8]

The general rule, as determined by a line of Kansas cases, is that "subordinate government agencies do not have the capacity to sue or be sued without authorization by a specific statute."[9] Courts in this Circuit have previously held that city police departments, as subunits of city government, are not governmental entities subject to suit.[10] The Wichita Police Department is a subunit of city government. Therefore, it is not, in and of itself, a governmental entity subject to suit under 42 U.S.C. § 1983. As such, Plaintiffs' claims against the Wichita

---

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[8] D. Kan. Rule 7.4(b) states:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D.Kan. Rule 6.1 states, "Responses to motions to dismiss . . . must be filed and served within 21 days." Plaintiffs did not file the necessary response to Defendants' motion to dismiss within the twenty-one day period and have never filed a response. The motion therefore appears to be uncontested. *See Barngrover v. County of Shawnee*, 2002 WL 1758914 (D. Kan. June 10, 2002) (court dismissed the Shawnee County Department of Corrections as a party because it was a subunit of county government not subject to suit. The plaintiff failed to respond to the defendants' motion to dismiss, and the court treated this motion as uncontested).

[9] *See Hopkins v. State of Kansas,* 237 Kan. 601, 702 P. 2d 311, 316 (1985); *Mason v. 26 Judicial District of Kansas,* 670 F. Supp. 1528, 1535 (D. Kan. 1987).

[10] *See Whayne v. Kansas,* 980 F. Supp. 387, 397 (D. Kan. 1997).

Police Department must be dismissed. Given this decision, Defendants' allegation of insufficiency of process and insufficiency of service of process is moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Defendant Wichita Police Department (Doc. 9) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE