IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF MARQUEZ SMART,            )
BY RANDAL SMART & BRENDA                )
BRYANT, AS ADMINISTRATORS OF            )
THE ESTATE OF MARQUEZ SMART,            )
AND RANDAL SMART AND BRENDA             )
BRYANT, AS HEIRS OF MARQUEZ             )
SMART, DECEASED                         )          Case No.:  2:14-CV-02111-EFM-JPO
                                        )
          Plaintiffs,                   )
                                        )
vs.                                     )
                                        )
THE CITY OF WICHITA, OFFICER LEE        )
FROESE, AND OFFICER AARON               )
CHAFFEE, IN THEIR INDIVIDUAL AND        )
OFFICIAL CAPACITY                       )
                                        )
          Defendants.                   )

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
TO SUBSTITUTE THE PROPER PARTY IN INTEREST**

Pursuant to Rules 15 and 17 of the Federal Rules of Civil Procedure, Plaintiffs, the Estate of

Marquez Smart, by Randal Smart and Brenda Bryant, as Administrators of the Estate of Marquez Smart,

and Randal Smart and Brenda Bryant, as heirs of Marquez Smart (collectively "the Smarts"), respectfully

move the Court for leave to file their Second Amended and Supplemental Complaint to substitute the

proper party in interest. The Second Amended and Supplemental Complaint simply affirms the

appointment of Randal Smart and Brenda Bryant as the co-administrators of the Estate of Marquez

Smart.[1]

As demonstrated below, this Court should permit the Smarts to amend their complaint to

substitute the real party in interest and, in line with well-established law, to allow their Second Amended

---

[1] Plaintiffs are only seeking to substitute the proper party in interest under Rules 15 and 17 and are
not seeking to amend the complaint to add a claim for punitive damages.

1

and Supplemental Complaint to relate back to the date of the original pleading. *See, e.g., Shinkle v. Union City Body. Co.*, 94 F.R.D. 631, 637-38 (D. Kan. 1982). First, as a threshold matter, federal courts have consistently allowed plaintiffs to change the capacity in which an action is brought when there is no change in the parties before the court and all parties are on notice of the facts out of which the claim arose. Second, in such cases, federal courts have long held that an amended complaint should be permitted to relate back to the date of the filing of the original complaint. Third, because the parties have litigated this case for nearly four years and Defendants have had notice that Marquez Smart's estate was attempting to assert claims against them, they cannot show prejudice. Finally, the Smarts' proposed amendment will cause no delay in the case and will ensure efficient use of the Court's and the parties' resources.

## INTRODUCTION

Marquez Smart suffered fatal injuries in the early morning hours of March 10, 2012, after being gunned down by two Wichita police officers. Mr. Smart was declared dead at the age of 23. He left no will, was not married, and had no children.

The Smarts commenced this action individually, as heirs of Mr. Smart, and on behalf of Mr. Smart's estate on March 7, 2014 – just three days before the statute of limitations would have barred the Smarts' lawsuit. As the surviving parents of an adult child, the Smarts are the sole interested parties under Kansas law. K.S.A. § 59-507; K.S.A. 60-1902. Any money damages recovered in this case can only compensate Mr. Smart's parents, Brenda Bryant and Randal Smart.

When the action was filed, the Smarts believed that they were automatically the co-administrators of the estate. (Declaration of Brenda Bryant Decl. ¶ 4, Exhibit 1; Declaration of Randal Smart Decl. ¶ 4, Exhibit 2.) Their counsel believed letters of administration had issued. (Declaration of Andy Protzman, ¶ 5, Exhibit 3). Had the Smarts been aware at the time that they were not officially co-administrators, they would have promptly sought to obtain appointment as such from the

Sedgwick County District Court.  (B. Bryant Decl. ¶ 6; R. Smart Decl. ¶ 6.) However, the Smarts and their counsel did not learn of the mistake until November 2017, when Plaintiffs' counsel reviewed a defense asserted in Defendants' proposed pre-trial order: that the Smarts could not maintain § 1983 claims against Defendants because an estate had not been created.[2] (Protzman Decl. ¶ 8; Declaration of Brad Kuhlman, ¶ 4, Exhibit 4).

The Smarts expeditiously submitted a petition for letters of administration after learning of the mistake. (B. Bryant Decl. ¶ 7; R. Smart Decl. ¶ 7; Protzman Decl. ¶ 8; Kuhlman Decl. ¶ 4). The Sedgwick County District Court approved the petition, and issued letters of administration dated November 16, 2017, appointing the Smarts co-administrators of their son's estate. (A true and accurate copy of the Order of Appointment is attached hereto and incorporated herein as Exhibit 5).

## NATURE OF THE RELIEF REQUESTED

The Smarts request leave from this Court to amend or supplement their Second Amended and Supplemental Complaint. The proposed Second Amended and Supplemental Complaint makes the following additional statement:

- On November 16, 2017, Randal Smart and Brenda Bryant were appointed co-administrators to the Estate of Marquez Smart by the Sedgwick County District Court.[3]

K.S.A. § 59-2221 provides that "any person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration." The probate code does

---

[2] It is important to note that, at the pretrial hearing on November 17, 2017, Defendants' counsel stated that they first became aware of this issue more than three (3) years ago, in October 2014. Under well-established law, Defendants should have brought this to the immediate attention of the Smarts and this Court. *See, e.g., Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997) (finding defendant must alert parties and court once availability of affirmative defense is reasonably apparent and that defendant waived statute of limitations defense for failing to raise it in a timely manner).

[3] A copy of Plaintiffs' proposed Second Amended and Supplemental Complaint is attached for the Court's review as Exhibit 6.

not fix a time limitation on when an heir may apply for administration of any estate in which he or she has an interest. *In re Estate of Wright*, 170 Kan. 400 (1951) ("There is no provision of the probate code fixing a limitation on the time an heir may apply for administration of any estate in which he [or she] has an interest.") As discussed below, both the Tenth Circuit and the Kansas Supreme Court, among many other federal and state courts, hold that a plaintiff may maintain an action, even when he or she has not been appointed administrator of the decedent's estate.

In line with these precedents, the Smarts now move for leave to file an amended or supplemental complaint under Rules 15 and 17 of the Federal Rules of Civil Procedure, stating their appointment as co-administrators. As explained below, this Court, in the interest of justice, can grant the Smarts leave to file an amended or supplemental complaint under well-established Tenth Circuit decisions handling similar factual and legal issues.

## ARGUMENT AND AUTHORITIES

The issue before the Court is whether the Smarts should be granted leave to amend their complaint affirming their appointment as co-administrators of their deceased son's estate when the Smarts, who brought suit nearly four years ago claiming to be the administrators of Marquez Smart's estate, were not actually appointed as co-administrators until last month, after the statute of limitations on the Smarts' § 1983 and survival claims had expired. Because the Smarts have cured their good-faith mistake by ultimately becoming co-administrators, their civil rights and survival claims should proceed and not be dismissed on a mere technicality.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 controls amended and supplemental pleadings. It provides that leave to amend "**shall be freely given** when justice so requires." Fed. R. Civ. P. 15. The Supreme Court has declared that this is a "mandate," which is to be heeded. *Foman v. Davis*, 371 U.S. 178 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith, dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id., see also Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

Moreover, it is well established in Tenth Circuit courts and beyond that an amendment or supplement to a complaint, which does not introduce a new cause of action or make any new or substantially changed claims, relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run. *See Esposito v. U.S.*, 368 F.3d 1271, 1273 (10th Cir. 2004)(reversing trial court's dismissal of plaintiff's wrongful death action and holding that plaintiff's "lack of capacity at the time suit was filed does not prevent substitution from relating back to the date the suit was filed under Rule 17(a)"); *Payne v. McCune*, 2007 WL 1019193 at *1 (D. Kan. April 4, 2007)(permitting plaintiff to substitute as administrator of estate and allowing amended complaint to relate back to initial filing despite failure to create decedent's estate at the time of filing 42 U.S.C. § 1983 action against defendants); *JCM 082763, LLC v. Heinen Bros. Agra Services, Inc.*, 2013 WL 11897796 at *1 (D. Kan. July 30, 2013)(allowing plaintiff to amend complaint to substitute real party in interest because plaintiff's mistake was honest and did not prejudice defendant since the change was merely formal and did not affect the factual allegations or issues in the case).

Similarly, the courts – including the Tenth Circuit – have recognized that ratification of a complaint, under similar circumstances as here, will be permitted and will relate back to the commencement of the action if it does not in fact change the claim or cause of action. *Id.* Accordingly, courts have held that an administrator of an estate who originally brought the action in that capacity under the mistaken or incorrect belief that he or she had been appointed to such position was authorized to amend the pleading after discovering the error so as to show his or her due appointment

to such representative capacity, notwithstanding the expiration of the statute of limitations applicable to such action, since the cause of action was not changed thereby, or since the defendant had notice of the claims and was not prejudiced by the amendment. *Id.*

Before considering whether the Smarts should be granted leave to amend, however, the Court must first determine if they have capacity to bring suit on behalf of Marquez Smart's estate under Fed. R. Civ. P. 17.[4] *Esposito v. U.S.*, 368 F.3d at 1273; *see also Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir. 1991). The answer to this question is a resounding "yes."

### A.   Plaintiffs have capacity to sue as co-administrators of Marquez Smart's estate.

Fed. R. Civ. P. 17 governs both the determination of a party's capacity to sue and be sued and his or her status as the real party in interest. *Esposito*, 368 F.3d at 1273. The "real party in interest" principle requires that an action "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." *Id.* (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1541 at 3211 (2nd ed. 1990)). Capacity, by contrast, refers to "a party's personal right to litigate in a federal court." *Id.* Because Marquez Smart is deceased, he could not pursue this action. Instead, the court must look to the governing substantive law to determine the appropriate real party interest. *Id.*

Here, the Smarts pursued both federal and pendent state law claims against Defendants. The civil rights claims in this case are governed by 42 U.S.C. § 1983. The Tenth Circuit has held that the proper federal remedy in § 1983 cases is "a survival action, brought by the estate of the victim, in accord with § 1983's express statement that the liability is 'to the party injured.'" *Berry v. Muskogee*, 900

---

[4] It is important to note that this is not a question of standing; rather, the issue involves whether the Smarts have capacity to bring this action on behalf of the estate. *See Esposito*, 368 F.3d at 1273. As Wright & Miller note, the doctrine of capacity if often incorrectly considered under the rubric of a standing claim. *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3531, at 342 (2nd ed. 1984).

F.2d 1489, 1506-07 (10th Cir. 1990)( citing 42 U.S.C. § 1983). Rule 17(b) instructs that, in this instance, where the party bringing the action is in a representative capacity, the party's capacity to be sued shall be determined by Kansas law. Fed. R. Civ. P. 17(b). The controlling statute for the Smarts' survival action is K.S.A. § 59-507, which states that if a decedent leaves no surviving spouse, child, or issue, "but leaves a surviving parent…all of his or her property shall pass to such surviving parent." K.S.A. § 59-507. In contrast to Kansas' wrongful death statute, a survival action must be maintained by the personal representative of the decedent, and cannot be brought by the decedent's heirs. K.S.A. 59-507; *Cory v. Troth*, 170 Kan. 50, 52-53 (1950).  Therefore, the Smarts' civil rights claims, as well as the pendent state law survivor action under K.S.A. 59-507, must be brought by a personal representative or administrator of their deceased son's estate.

With respect to the Smarts' pendent state-law wrongful death action, the Court also looks to Kansas law to determine who is the proper party to bring this action. K.S.A. § 60-1902 provides that the decedent's heirs at law are the appropriate parties to a wrongful death action:

> The action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all the heirs who has [sic] sustained a loss regardless of whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article.

Only Marquez Smart's heirs at law are "real parties in interest" entitled to bring the wrongful death action. Because the Smarts are the sole heirs of Marquez Smart, they were the "real parties in interest" in the initial pleading with respect to their wrongful death claim. Accordingly, the wrongful death claim was properly pled from the commencement of this case and is not under consideration here.

As noted above, however, the case was initially brought both by Plaintiffs individually, as heirs of Mr. Smart, and on behalf of Mr. Smart's estate. When the original complaint was filed, the Estate of Marquez Smart did not formally exist. Because the only real party in interest entitled to bring those

actions were the administrators of Marquez Smart's estate, no party had the capacity to sue under 42 U.S.C. § 1983 or Kansas's survivor statute at the time the original complaint was filed. This, however, is not a fatal defect.

Indeed, the fact that the initial complaint was defective – with respect to the Smarts' civil rights and survival claims – does not require or compel the court to now bar those claims and deny Plaintiffs' motion for leave to amend or supplement. To the contrary, Rule 17(a) requires the court to "grant leave to substitute or join the real party in interest prior to dismissing an action for failure to name the real party in interest." Fed. R. Civ. P. 17(a). Plaintiffs' Second Amended Complaint, which affirms the appointment of the Smarts as co-administrators of Marquez Smart's estate, solves the real party in interest and capacity issues in this case. *See Esposito,* 386 F.3d at 1273; *Payne,* 2007 WL 1019193 at *1; *JCM 082763, LLC,* 2013 WL 11897796 at *1. Therefore, under Fed. R. Civ. P. 17, the Smarts' ratification of the original complaint as appointed co-administrators of Marquez Smart's estate is appropriate under the circumstances of this case.

**B.      Under Fed. R. Civ. P. 17, Plaintiffs' appointment as co-administrators is proper and relates back to the date of the original filing.**

At the outset, Fed. R. Civ. P. 17(a) specifically addresses the issue of substitution, ratification or joinder of the real party in interest and the effect thereof on suits previously filed. Notwithstanding the fact that no objection has been made to the capacity of the Smarts to proceed with this action, Plaintiffs move this court now to alleviate any future concerns.

As noted above, "Rule 17 (a) requires the district court to grant leave to substitute or join the real party in interest prior to dismissing an action for failure to name the real party in interest:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the effect as if the action had been commenced in the name of the real party in interest."

*Esposito v. U.S.*, 368 F.3rd at 1274 – 75 (quoting Fed. R. Civ. P. 17(a)). In analyzing Rule 17(a), the

Court of Appeals for the Eleventh Circuit concluded that:

> The plain language of the Rule clearly provides that when an action is brought by
> someone other than the real party in interest within the limitations period, and the real
> party in interest joins or ratifies the action after the limitations period has run, the
> amendment or ratification relates back to the time suit was originally filed and the
> action need not be dismissed as time barred.

*Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir. 1982). This is so even if state law prohibits the "relation

back" doctrine with respect to any supplemental state law claims. Fed R. Civ P. 17(a) "sets forth a rule

of procedure that is to be applied in federal courts ... even where the court of the forum state has

rejected the 'relation back doctrine.'" *Id.* at 981 (district court "erred in applying Alabama's 'no relation

back' rule in the face of a Federal Rule of Civil Procedure (Rule 17(a)) that expressly authorizes and

adopts the 'relation back' doctrine" in the context of administration of estate and suit filed in federal

court prior to administratrix receiving official, representative status). Thus, if the initial filing came

within the applicable limitations period, the suit is not time barred, even if Kansas law would not

recognize the relation back – which, in any event, is not the case here.[5] *See, e,g, Levinson v. Deupree*, 345

U.S. 648 (1953) (in the case of a wrongful death action brought by party not yet properly appointed

as administrators of decedent's estate, and where the appointment occurs only after the statute of

limitations has run, a federal court **must** allow the appointment to relate back to the time of the initial

---

[5] Kansas courts have a long tradition of allowing plaintiffs to file an amended petition to correct or
substitute one plaintiff for another. "Great latitude is given the trial court in the matter of the
amendment of pleadings, with a view of curing defects, supplying omissions, and preventing injustice.
Our statute, in terms, authorizes the adding or striking out of the name of any party or correcting a
mistake in the name of the party, or a mistake in any respect...While it is a radical amendment to
substitute one plaintiff for another, such an amendment is clearly within the power of the court, under
the plain provisions of the Code, and *Weaver v. Young*, 37 Kan. 70, is directly in point and settles the
question in favor of substitution." *Service v. Bank*, 62 Kan. 857 (Kan. 1900); *see also Williams v. Missouri
Bridge & Iron Co.*, 111 Kan. 34 (Kan. 1922); *Harlan v. Loomis*, 92 Kan. 398 (1914).

filing even if the forum state would not allow the relation back and would time-bar the action in its own courts).

In moving to substitute the real party in interest, the Tenth Circuit simply requires that a plaintiff seeking substitution show that its mistake was "honest" and that defendant is not prejudiced. *Hjersted Family Ltd. Partnership v. Hallauer*, 2009 WL 348275 at *2 (D. Kan. Feb. 11, 2009) (citing *Esposito*, 368 F.3d at 1276) (reiterating that "our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e, whether his mistake was "honest"), and on whether defendant was prejudiced thereby"); *see also Payne*, 2007 WL 1019193 at *2.

In this case, the Smarts filed suit against Defendants on March 7, 2014, just three days before the two-year statute of limitations. They asserted civil rights claims under 42 U.S.C. § 1983, and a wrongful death and survivor action under Kansas law, both as heirs and as administrators of their son's estate. Nearly four years into the case, with dispositive motion deadlines looming and a pre-trial conference in the offing, Plaintiffs' counsel learned that neither the Smarts nor anyone else had ever sought appointment as administrators of their son's estate. (B. Bryant Decl. ¶ 6; R. Smart Decl. ¶ 6; Protzman Decl. ¶ 8; Kuhlman Decl. ¶ 4).  The Smarts mistakenly believed that, as surviving parents, they became co-administrators automatically when their son died without a will. (B. Bryant Decl. ¶ 4; R. Smart Decl. ¶ 4). Moreover, based on conversations with the Smarts, Plaintiffs' counsel was under the mistaken belief that an estate had been filed before the Smarts became clients. (Protzman Decl. ¶ 5). Hoping to rectify this mistake, the Smarts immediately began the process of seeking appointment as co-administrators from the probate court in Sedgwick County, Kansas, where they and their son resided at the time of his death. (B. Bryant Decl. ¶ 7; R. Smart Decl. ¶ 7). On November 16, 2017, the Smarts obtained letters of administration from the probate court. *See* Ex. 5.

Although the Smarts were not appointed co-administrators of their deceased son's estate until Nov. 16, 2017, their post-appointment ratification of this suit has the same effect as if the action had

initially been commenced in the name of the real party in interest pursuant to Rule 17(a). Indeed, the Advisory Committee Note regarding the 1966 Amendment to Rule 17 specifies that the purpose of Rule 17(a)(3), allowing for the "ratification, substitution, etc." is to protect "the interests of justice."

Cases from the Tenth Circuit have addressed similar situations as here and have followed the spirit and intent of 17(a) to ensure that injustice is avoided. For example, in *Esposito*, decedent's surviving spouse filed a complaint for wrongful death the day before the six-month deadline for filing suit in federal court expired. *Esposito*, 368 F.3d at 1272. In the complaint, Mrs. Esposito's attorney named the late Mr. Esposito as the sole plaintiff. *Id.* The United States filed a motion to dismiss for lack of subject matter jurisdiction, contending that the action was void and a nullity. *Id.* The district court dismissed the action, but granted plaintiff's counsel to show cause why the court should substitute Mrs. Esposito as the plaintiff. *Id.* The district court denied the motion to substitute decedent's wife as plaintiff. But the Court of Appeals reversed, holding that the district court abused its discretion in denying substitution of Mr. Esposito's wife as plaintiff pursuant to Rule 17(a) because it was an "honest mistake" in which defendant suffered no prejudice. *Id.* at 1276. Accordingly, the Tenth Circuit found that decedent's lack of capacity at the time the claim was filed did not prevent the substitution of decedent's wife from relating back to the date the suit was filed. In its holding, the Court concluded:

> In this circuit...we have never required a plaintiff seeking substitution to show that his mistake was "understandable" in addition to being "honest." Instead, our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was "honest"), and on whether the defendant was prejudiced thereby. *See, e.g., Scheufler v. General Host Corp.,* 126 F.3d 1261, 1270 (10th Cir. 1997) (upholding district court's joinder of real party in interest because plaintiff's failure to include certain parties "was not the result of some tactic designed to prejudice defendant" and "there has been no tangible showing that defendant was prejudiced by the joinder"); *Metro. Paving Co. v. Int'l U. of Op. Eng.,* 439 F.2d 300, 306 (10th Cir. 1971) (permitting substitution of corporations for joint venture where "it was clear from the outset that the three corporations were the real parties in interest" and "there was no prejudice to the defendant," even though applicable statute of limitations had run at time of substitution). Interestingly, *Metropolitan Paving* suggests that even a mistake that should have been patently obvious does not automatically

foreclose a later substitution, so long as the plaintiff did not act in bad faith and the defendant has not been prejudiced thereby. 439 F.2d at 306.

*Esposito*, 368 F.3d at 1276.  In analyzing Rule 17(a), the Tenth Circuit concluded the plain language of the rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time the suit was originally filed and the action need not be time barred. *Id.*

In another case, Clifton Brown passed away while incarcerated at the Lansing Correctional Facility in Lansing, Kansas. *Payne v. McKune*, 2007 WL 1019193 at *1. The original complaint was filed by Mr. Brown's parents in their individual capacity and Mr. Brown's daughters. *Id.* Eventually, Mary Payne, Mr. Brown's mother, was appointed administrator of Mr. Brown's estate. *Id.* In her capacity as administrator, Mary Payne filed a second amended complaint, asserting § 1983 claims against various prison officials employed at the Kansas Department of Corrections for deliberate indifference, failure to supervise a contractor, and failure to supervise and train prison staff. *Id.* Defendants sought to dismiss the suit because Ms. Payne was not in fact the administrator of Mr. Brown's estate when the complaint was initially filed and, therefore, the court lacked subject matter jurisdiction because Ms. Payne lacked standing to sue when the original complaint was filed. *Id.* Defendants also argued that when Ms. Payne was appointed administrator of Mr. Brown's estate and the second amended complaint was filed naming her as the appropriate plaintiff, the applicable statute of limitations had run. *Id.* Lastly, defendants argued that because Ms. Payne did not have standing to bring the § 1983 claims upon which a federal question jurisdiction was based on that case, the entire action should have been dismissed, including the pendent state law claims. *Id.*

Relying on the *Esposito* court's elevation of substance over form, the district court flatly rejected defendants' motion: "Rule 17(a) is designed to prevent forfeitures, and as such must be given broad application." *Id.* at *3 (citing *Esposito*, 368 F.3d at 1278 ("Rule 17(a) is 'intended to insure against

forfeiture and injustice' by codifying 'in broad terms' prior law permitting substitution notwithstanding running of limitations statute [.]")(citing Fed. R. Civ. P. 17 advisory committee notes (1966 Amendment)). Based on the intent behind Rule 17, Judge Lungstrom held that "substitution is appropriate in this case, even though the original plaintiffs lacked the capacity to assert the § 1983 claims...Furthermore, the defendants have failed to show that the mistake was dishonest or involved deliberate tactical maneuvering. Finally, defendants have not shown that the mistake prejudiced them in any way." *Id.* at *3.

Judge Lungstrom's ruling mirrors the Advisory Committee Note on Rule 17, which states that the **rules are meant to be lenient** in the "interests of justice, when permitting amendment, joinder or ratification of real parties in interest." Fed. R. Civ. P. 17 advisory committee's note (1966 Amendment). The Committee cites to the time-tested conclusions from the D.C. Circuit Court in 1963. In *Link Aviation, Inc. v. Downs,* 325 F.2d 613, 615 (D.C. Cir. 1963), the court allowed relation back upon substitution writing that "[a]ny other rule would be highly technical without meaningful purpose." For authority, the court relied on *American Fidelity & Cas. Co. v. All Am. Bus Lines*, 190 F.2d 234 (10th Cir. 1951), in which the Tenth Circuit held that substitution relates back to the original complaint without offending the statute of limitations. In *American*, the court held that "it was well within the range of power of the trial court to authorize the substitution of Security as the party plaintiff. **To hold otherwise would be nothing less than a narrow and ill-grounded construction of the rules of civil procedure not in harmony with their intent and purpose**." *Id* at 237.

In *Crowder v. Gordon Transports*, 387 F.2d 413 (8th Cir. 1967), the Eighth Circuit held that an amendment to substitute a plaintiff related back to the original complaint and, as a result, was not time barred. 387 F.2d 413, 417 (8th Cir. 1967). In its holding, the *Crowder* court relied on the Supreme Court's observation in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966) regarding the spirit and intent behind the Federal Rules of Civil Procedure:

> These rules were designed in large part to get away from some of the old procedural booby traps which commonlaw (sic) pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

*Crowder*, 387 F.2d at 418. The *Crowder* court explained that absent some showing of improper conduct, amendments and substitutions should be allowed. *Id.* at 418-19.

Finally, in the factually similar case of *Estate of Fortunato v. Handler*, 969 F.Supp. 963 (W.D. Pa. 1996), the decedent was shot and killed by police during the execution of a misdemeanor warrant for his arrest. 969 F.Supp. at 966. The plaintiff, the decedent's twin brother, filed a complaint as "personal representative" of the estate, and asserted federal-law claims under 42 U.S.C. § 1983, as well as pendent state-law claims for assault, battery, and intentional infliction of emotional distress under 28 U.S.C. § 1367. *Id.* at 966, 974. Although the complaint was filed one day *before* the expiration of the state-law two-year statute of limitations on the § 1983 claims, the plaintiff did not apply for or receive letters of administration until *after* the limitations period had run. *Id.* at 966. When the state actors moved to dismiss the complaint as untimely, the trial court held that "his post-appointment ratification of that suit has the same effect as if the action had initially been commenced in the name of the real party in interest pursuant to Fed. R. Civ. P. 17(a)." *Id.* at 967.

The same result should follow here. The Smarts' appointment as co-administrators of their son's estate and post-appointment ratification of this lawsuit, by filing the Second Amended abd Supplemental Complaint alleging their appointment, has the same effect as if the action had initially been commenced in the name of the real party in interest.  Accordingly, this Court should grant the Smarts' motion for leave to file an amended and supplemental complaint.

**C.    Plaintiffs have met the standard for obtaining leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2).**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court," *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). But, as noted above, the Rule itself states that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982).

In light of the long-standing history and purpose behind Rule 17 and the judiciary's well-established leniency in allowing plaintiffs to freely substitute the real party of interest in the case of an "honest mistake," good cause for amending this case is immediately apparent. Moreover, Defendants will in no way be prejudiced if the change is allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should grant the Smarts' motion.

### 1.      There is no undue delay.

In *Foman,* the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. 371 U.S. at 182. Emphasis is on the adjective: "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975). Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed.R.Civ.P. 15(a); *see also* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed.1990). Here, as discussed above, the Smarts moved swiftly to file a Petition for Appointment as Administrators once it was discovered that an estate had not been created for their deceased son. Plaintiffs' counsel discovered the error on or about November 13, 2017. Plaintiffs' counsel then diligently took the necessary steps to file a Petition for Letters of Administration in the Sedgwick

County District Court. The Sedgwick County District Court then issued letters of administration dated November 16, 2017, appointing the Smarts co-administrators of their son's estate. Thus, there is no undue delay in the Smarts' appointment as co-administrators and the filing of this motion. The initial failure to create an estate and the miscommunication between the Smarts and their attorneys was an honest mistake. Indeed, the Smarts are not seeking the amendment in bad faith or with a dilatory motive.

### 2.    There is no prejudice.

The second, and most important, factor in deciding a motion to amend the pleading, is whether the amendment would prejudice the opposing party. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Id.* at 1208 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971)). Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. Neither of those circumstances is present here.

As noted above, the Smarts have not changed their tactics or theory in this lawsuit. Instead, Plaintiffs simply propose to add one sentence to their complaint, stating that they were appointed as co-administrators on November 16, 2017. (*See* Second Amended Complaint, Ex. 6). Clearly, this amendment adds no parties, legal theories or claims for relief. No substantive changes have been made to the First Amended Complaint.

Accordingly, Defendants will not be prejudiced if the Smarts, as the duly appointed co-administrators of Marquez Smart's estate, are allowed to amend and supplement the complaint, as Defendants knew from the outset that Marquez Smart's heirs and administrators of his estate were the real parties in interest. Marquez Smart's death has been the subject of this litigation since its initiation, and Defendants can hardly claim prejudice by the Smarts' request to amend the complaint

to reflect their change in capacity. Further, Defendants have not been denied the opportunity to conduct meaningful discovery in this case. And the Smarts' change in capacity does not alter the factual allegations or issues in this case, making all prior discovery equally relevant with the Smarts as duly appointed co-administrators of Marquez Smart's estate. *See Scheufler*, 126 F.3d at 1270 (finding defendant was not prejudiced by joinder of plaintiff when*, joinder did not alter complaint's factual allegations or substantially change the issues in the case). As noted above, the additional fact simply affirms the Smarts appointment as co-administrators and has no substantive effect on the claims, legal theories or defenses in this case. And, therefore, Defendants would suffer no prejudice as a result of the Smarts' change in capacity.

Moreover, the interests of justice and judicial economy will undoubtedly be served by allowing the Smarts to substitute as the real party of interest in this case. The amendment is narrowly tailored to simply reflect the Smarts' appointment as co-administrators. In so doing, the action can now proceed on the merits without delay.

**D.    Additionally, under Fed. R. Civ. P. 15(d), the federal courts liberally allow supplemental pleadings.**

In keeping with the permissive rules of Federal pleading, a party can cure a subsequently discovered error in a complaint. Rule 15(d) permits a party, on just terms,

> to serve a supplemental pleading setting forth a transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The Court may permit supplementation even though the original pleading was defective in the absence of that allegation.

Fed. R. Civ. P. 15(d). Rule 15(d) is subject to the same analysis as Rule 15(a) and, accordingly, the Tenth Circuit has instructed that supplemental pleadings "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989); *see also All W. Pet Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 152 F.R.D. 202, 204 (D. Kan. 1993). Even so, the decision to grant such a motion is vested in the sound

discretion of the trial court. *See* Advisory Committee Notes to Rule 15(d), 1963 Amend. This tolerant allowance of supplemental pleadings is not suddenly suspended when a complaint's allegations of capacity or jurisdiction are at issue.

For example, in *Mathews v. Diaz*, 426 U.S. 67 (1976), a resident alien applying for social security benefits failed to exhaust her administrative remedies by filing an application with the Department of Health, Education and Welfare for review of the denial of those benefits. Just as here, plaintiff attempted to cure that jurisdictional defect **after** filing of the complaint. *Id.* at 75, n. 9. Even though a prior attempt for administrative relief was a condition precedent to bringing the action and a non-waivable jurisdictional defect, the U.S. Supreme Court ruled that the district court should have exercised jurisdiction. *Id.* at 75. "A supplemental complaint in the District Court would have eliminated this jurisdictional issue since the record discloses…that the jurisdictional condition was satisfied, it is **not too late**, even now, to supplement the complaint to allege this fact." *Id.* (emphasis added) "The statutory purpose of avoiding needless sacrifice to defective pleading applies equally to this case." *Id.* at n. 9.

The same result applies here. The Smarts' appointment as co-administrators of their son's estate is an occurrence and event that has happened after their complaint was filed. Therefore, in the alternative, under Rule 15(d), the Smarts may supplement their complaint to set forth this event that has taken place since the filing of the original pleading. *See* Fed. R. Civ. P. 15(d). As noted above, there is neither undue delay in seeking this supplement nor will Defendants be prejudiced by the timing of this supplement. The additional fact the Smarts put forth simply affirms their appointment and does not change the nature of the claim or the relief sought. Accordingly, in the alternative, the Court should grant the Smarts leave to amend under Rule 15(d).

E.    **The Smarts' subsequent appointment as co-administrators relates back to the filing of the original complaint under Fed. R. Civ. P. 15.**

18

As amply demonstrated above, under Fed. R. Civ. P. 17, it is well recognized in the Tenth Circuit that an action brought by a person purporting to be the administrator of a decedent's estate is not barred by the statute of limitations even when letters of administration are obtained after the statute has run. The subsequent proper appointment is deemed to relate back in time to the death of the decedent, or the commencement of the action within the statute. The doctrine of "relation back" validates acts beneficial to the estate, such as bringing a wrongful death case, which could have been taken by the administrator had he or she been previously appointed. *See* 3 A.L.R.: *Running of statute of limitation as affected by doctrine of relation back of appointment of administrator,* §§ 2, 3(b).

The same result flows from Fed. R. Civ. P. 15(c). Rule 15(c) provides that:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Based on the Federal Rules of Civil Procedure and the foregoing case law, plaintiffs are unquestionably permitted to change their capacity in which an action is brought when there is no change in the parties before the court and all parties are on notice of the facts out of which the claim arose. Furthermore, in such cases, the amended complaint should be permitted to relate back to the date of the filing of the original complaint. *See Shinkle v. Union City Body. Co.*, 94 F.R.D. at 638 (citing *Russell v. New Amsterdam Casualty Co.*, 303 F.2d 674 (8th Cir. 1962); *Hunt v. Pennsylvania Central Transportation Co.*, 414 F.Supp. 1157 (W.D.Pa.1976); *Fierstein v. Piper Aircraft Corp.*, 79 F.Supp. 217 (M.D.Pa.1948); *Owen v. Paramount Productions*, 41 F.Supp. 557 (S.D.Cal.1941). 3 Moore's Federal Practice 2d Ed., s 15.15(4.-1) at 15-212.)

In *Shinkle*, for example, the plaintiffs filed a survival action as heirs at law of decedent. *Id.* at 637. Defendants argued that plaintiffs' survival action should have been dismissed because they were

19

not the proper parties to bring the action under Kansas law. *Id.* But one heir had recently been appointed administrator of decedent's estate, more than two years after the collision resulting in decedent's death. *Id.* In analyzing Rule 15(a)'s proviso that leave to amend "should be freely given when justice so requires," coupled with Rule 15(c)'s relation back doctrine, the district court permitted plaintiffs to amend the pleadings to name the heir as administrator of decedent's estate. The court also held that the amended pleading related back to the date of the original pleading, thus bringing the survival action within the two-year statute of limitations, since there could be no prejudice to the defendants in granting the request to amend and permitting relation back. *Id.* In its holding, the court cited the Tenth Circuit's decision in *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300, 306 (10th Cir. 1971), in which the Court of Appeals stated: "The fact that an applicable statute of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues in which the action is based." Similar facts are present here and, therefore, the same result applies as in *Shinkle.*

### F. In step with federal courts, state courts also allow plaintiffs to amend complaints after appointment is secured.

What the Smarts are requesting of this Court also agrees with the Tenth Circuit's interpretation of Kansas Supreme Court decisions that "where a cause of action was instituted by one not authorized to maintain it and thereafter the proper party plaintiff was substituted in his or her place, the substitution relates back to the commencement of the action and the statute of limitations stops running as to the substituted plaintiff from the filing of the original action, rather than from the date of substitution." *Montgomery Ward & Co. v. Callahan*, 127 F.2d 32, 36-37 (10th Cir. 1942); citing citing *Williams v. Missouri Valley Bridge & Iron Co.*, 111 Kan. 34, 206 P. 327 (1922), and *Harlan v. Loomis*, 92 Kan. 398, 140 P. 845 (1914).

Kansas is not alone. Many courts faced with this issue allow a curative amended or supplemental pleading after the appointment is secured. The following examples are cases decided under the wrongful death acts of the states of:

- Alabama, *Ogle v. Gordon*, 706 So.2d 707 (1997)
- Florida, *Griffin v. Workman*, 73 So.2d 844 (1954)
- Illinois, *Pavlov v. Konwall*, 447 N.E.2d 982 (App. Ct. 1st Dist. 1983)
- Kentucky, *Deupree v. Levinson*, 186 F.2d 297 (6th Cir. 1950)
- Massachusetts, *Wozniak v. United States*, 701 F.Supp. 259 (D. Mass. 1988)
- Michigan, *Castle v. Lockwood-MacDonald Hosp.*, 199 N.W.2d 252 (1972)
- Nebraska, *Bellheimer v. Rerucha*, 246 N.W. 867 (1933)
- North Carolina, *Burcl v. North Carolina Baptist Hosp.*, 293 S.E.2d 85 (1982)
- Oregon, *Rennie v. Pozzi*, 656 P.2d 934 (1982)
- Pennsylvania, *Pflugh v. United States*, 124 F.Supp. 607 (W.D. Pa. 1954)
- Virginia, *Clinchfield Coal Corp. v. Osborne's Adm'r*, 75 S.E. 750 (1912)
- West Virginia, *McDavid v. United States*, 292 F.Supp.2d 871 (S.D. W.Va. 2003)

Notably, in *McDavid*, the plaintiff-widow filed a defective administrative claim form on her husband's behalf under the Federal Tort Claims Act. *Id.* at 872. But she failed to properly complete the form by including the amount of damages sought, as required by law. *Id.* Nor was she at the time the duly appointed administrator of her husband's estate. *Id.* at 873. Like Kansas's survivor statute governing the Smarts' § 1983 claims, the law of West Virginia requires that any action for wrongful death be brought by an executor or administrator. *Id.* Only years later – after the statute of limitations had expired – was she declared the proper administratrix. *Id.* The government moved to dismiss on jurisdictional grounds. Noting that the wrongful death and damages claim were asserted within the statutory limitations period, the court found no prejudice and refused to dismiss the action. *Id.* at 877. In addition to the aim of preventing plaintiffs from having their claims dismissed for failing to dot every "i" and cross every "t," the policy flows from the legal fiction that "the powers of a personal representative relate back in time to give the acts before appointment the same effect as those done afterwards, provided the acts are beneficial to the estate." *See Am. Jur.* 2d. § 375 (2009).

The court reached a similar decision in *Pavlov*. There, the Illinois statute required that any wrongful death claim be prosecuted by and in the names of the personal representatives of the decedent. *See Pavlov*, 447 N.E.2d at 577. But the plaintiff's attorney's last minute attempt to have the plaintiff appointed administrator was ineffective. *Id.* The plaintiff secured proper administration papers after the statute of limitations elapsed and filed an amended complaint based on the same allegations. The court refused to dismiss the case, and the appeals court affirmed. *Id.* Since the amended complaint rested on the same basis in fact as the initial complaint, the plaintiffs were entitled to have relation back to "implement the legislative intent to preserve causes of action including those sounding in wrongful death against loss by reason of technical rules of pleading. *Id.*

**G.      There is no fraud or intentional misrepresentation.**

As the Smarts establish in their declarations, their mistake was an innocent one, a good faith belief that they were the co-administrators of their son's estate. *See* Exs. 1 and 2. Grieving parents should not be punished for a mere technical defect, such as this one, which they and their counsel promptly remedied as soon as the error was discovered. *Id.*

**H.      Plaintiffs would be irreparably harmed if this motion is denied.**

This action was commenced more than 3 ½ years ago. The parties have litigated this case thoroughly. They have conducted extensive fact and expert discovery. There have been more than a dozen depositions, both sides have hired and retained numerous expert witnesses, and discovery closed on October 30, 2017. Currently, there is no dispositive motion deadline. At this time, both sides have expended considerable sums of time and money litigating this case.

For the Smarts to be barred from litigating their viable claims due to a technical mistake that is curable under applicable federal and state law would not only be unjust, but would forever deprive the plaintiffs from any redress for their son's death. Such manifest, severe prejudice is simply unwarranted given the overwhelming jurisprudence supporting this motion.

## CONCLUSION

This Court should grant the Smarts' motion for leave to amend to change their capacity as the co-administrators of their deceased son's estate. Such a result is not only consistent with the spirit and intent of the Federal Rules of Civil Procedure, but is also supported by well-established Tenth Circuit court decisions interpreting and analyzing the Rules. This result also agrees with the Tenth Circuit's interpretation of Kansas Supreme Court cases dating back more than 100 years. Accordingly, the Smarts respectfully request this Court to grant Plaintiffs' Motion for Leave to File to Second Amended and Supplemental Complaint to Substitute the Proper Party in Interest.

*Respectfully submitted by,*

**PROTZMAN LAW FIRM, LLC**

/s/ Andrew B. Protzman
Andrew B. Protzman          KS No. 18015
1100 Main Street; Suite 2430
Kansas City, Missouri 64105
Tel:(816) 421-5100
Fax: (816) 421-5105
andy@protzmanlaw.com

*and*

KUHLMAN & LUCAS, LLC

/s/ Bradley D. Kuhlman
Bradley D. Kuhlman          KS Bar No. 7844
1100 Main Street, Suite 2550
Kansas City, Missouri 64105
Tel: (816) 799-0330
Fax: (816) 799-0336
brad@kuhlmanlucas.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notice to the following attorneys of record:

Jennifer Magaña   #15519
Sharon L. Dickgrafe  #14071
Chief Deputy City Attorney
City Hall-13th Floor
455 North Main
Wichita KS 67202
Tel:     (316) 268-4681
Fax:     (316) 268-4335
sdickgrafe@wichita.gov
**Attorney for Defendant City of Wichita**

J. Steven Pigg  #09213
Fisher, Patterson, Sayler & Smith, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS  66601-0949
Tel:     (785) 232-7761
Fax:     (785) 232-6604
spigg@fisherpatterson.com
**Attorney for All Defendants**

/s/ Andrew B. Protzman
**Attorney for Plaintiffs**