IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF MARQUEZ SMART, et al.,

        Plaintiffs,

v.                                  Case No. 14-2111-EFM

THE CITY OF WICHITA, et al.,

        Defendants.

## ORDER

       This case arises from the fatal shooting of Marquez Smart by police officers in Wichita, Kansas, on March 10, 2012.  On March 7, 2014, Mr. Smart's parents, Brenda Bryant and Randal Smart ("the Smarts"), filed suit as both the sole heirs of Mr. Smart and on behalf of Mr. Smart's estate, asserting claims for excessive force and wrongful death. Shortly before the final pretrial conference was scheduled to occur—and after the applicable statutes of limitation had run—defendants asserted for the first time that the Smarts could not maintain their 42 U.S.C. § 1983 claims because they had never been appointed administrators of Mr. Smart's estate.  Having since petitioned for the issuance of letters of administration and having been appointed co-administrators of Mr. Smart's estate, the Smarts have filed a motion (ECF No. 171) under Fed. R. Civ. P. 17(a) for leave to amend their complaint to allege their appointment as administrators, thereby making clear that the proper real party in

interest is pursing the claims.[1]  Because the court finds the Smarts made an honest mistake in believing they were automatically appointed as administrators of the estate with capacity to bring § 1983 and survival claims, and because defendants will not be prejudiced by the Smarts' ratification of the action in their capacity as administrators, the motion is granted.

Before discussing the substance of the motion, the court will briefly address defendants' procedural argument that the court should deny the motion as untimely. Defendants assert the motion is untimely because the scheduling order's deadline "to join additional parties or to otherwise amend the pleadings"[2] has long passed.  The court finds this argument unpersuasive.  The court agrees with the reasoning of U.S. Magistrate Judge K. Gary Sebelius who recently rejected a similar argument in *JCM 082763, LLC v. Heinen Bros. Agra Services, Inc.*[3]  Judge Sebelius noted that this quoted language from the court's standard scheduling order "is aimed at substantive amendments under [Fed. R. Civ. P.] 15, not at substitution under Rule 17."[4]  He also correctly noted that "federal procedural law prefers

----

[1]Specifically, the Smarts seek to add a single sentence to the complaint: "On November 16, 2017, Randal Smart and Brenda Bryant were appointed co-administrators to the Estate of Marquez Smart by the Sedgwick County District Court."  ECF No. 172 at 3. The court construes this as a request by the Smarts to ratify the action in their capacity as properly appointed administrators of the estate.

[2]ECF No. 20 at 9.

[3]No. 12-1451-SAC, 2013 WL 11897796, at *1 (D. Kan. July 30, 2013).

[4]*Id.  See also Esposito v. United States*, 368 F.3d 1271, 1278 n.3 (10th Cir. 2004) (distinguishing requests to substitute the real party in interest under Rule 17 from attempts
(continued...)

amendments over dismissals."[5]  In the absence of any authority indicating that the ratification

by a real party in interest under Rule 17(a) is governed by this general scheduling-order

amendment deadline, the court will not prohibit the requested amendment on untimeliness

grounds.[6]

The court now moves to the substance of the Smarts' motion.  Rule 17(a) requires that

all actions "be prosecuted in the name of the real party in interest."[7]  To determine the real

party in interest for the § 1983 claims brought in this action, the court looks to substantive

caselaw.[8]  The Tenth Circuit has held that the proper remedy for a § 1983 claim is "a survival

action, brought by the estate of the victim, in accord with § 1983's express statement that the

---

[4](...continued)
to amend a complaint under Rule 15).

[5]*JCM 082763*, 2013 WL 11897796, at *1 (citing *Booth v. Davis*, No. 10-4010-SAC, 2010 WL 4160116, at *4 (D. Kan. Aug. 31, 2010)).

[6]Defendants correctly note that in the seventh amended scheduling order (ECF No. 170 at 2), the court directed that motions to amend should address "the relevant factors under *both* Fed. R. Civ. P. 15 and 16."  But by this language, the court did not exclude plaintiffs from bringing a motion under Rule 17(a).  The court declines defendants' suggestion to follow a hyper-technical approach that would inhibit a decision on the merits.  *See Esposito*, 368 F.3d at 1278 ("Rule 17(a) is designed to prevent forfeitures, and as such must be given broad application.").

[7]Fed. R. Civ. P. 17(a)(1).

[8]*Payne v. McKune*, No. 06-3010-JWL, 2007 WL 1019193, at *1 (D. Kan. April 4, 2007) (citing *Esposito*, 368 F.3d at 1273).

liability is 'to the party injured.'"[9]  Thus, the real party in interest to bring § 1983 claims on behalf of Mr. Smart was an administrator of his estate.[10]  Counsel for the Smarts presumably recognized this requirement when he filed the complaint naming the Smarts as plaintiffs in both their individual capacities and as administrators of Mr. Smart's estate.[11]  The problem, however, is that letters of administration had not been issued to the Smarts before the case was filed.

Rule 17(b) instructs that where the party bringing suit is acting in a representative capacity (which the Smarts were purportedly doing when they filed the original complaint), the party's capacity to sue is determined by looking to state law.  Under Kansas law, survival claims must be maintained by an administrator of the decedent's estate, and cannot be brought by the decedent's heirs.[12]  Because at the time the complaint was filed the estate of

---

[9]*Id.* at *2 (quoting *Berry v. Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990)).

[10]*See id.*

[11]*See* ECF Nos. 1 (complaint) & 4 (first amended complaint).

[12]*Payne*, 2007 WL 1019193, at *2 (citing *Cory v. Troth*, 223 P.2d 1008 (Kan. 1950) and *Howe v. Mohl*, 214 P.2d 298 (Kan. 1950)); *Lemmons v. Bd. of Cty. Comm'rs*, No. 00-2297-CM, 2002 WL 370227, at *1 (D. Kan. Feb. 11, 2002) (the "capacity to sue for claims of the deceased . . . is governed by state law [and] [u]nder Kansas law, a survival action must be brought by a decedent's personal representative, not her heirs"); *Hoskins v. High Gear Repair, Inc.*, No. 11-1190-JTM, 2013 WL 4028804, at *6 (D. Kan. Aug. 7, 2013) (same).

Marquez Smart did not exist, no party had the capacity to bring survival claims under § 1983 or pendant state law.[13]

The fact that the Smarts originally asserted the survival and § 1983 claims when they lacked the capacity to do so, however, does not necessarily mandate the dismissal of the claims. In such a situation, courts look to Rule 17(a), which "is designed to prevent forfeitures."[14] Rule 17(a)(3) requires the court to allow "the real party in interest to ratify, join, or be substituted into the action." The Tenth Circuit has instructed that a plaintiff seeking substitution or ratification under this rule must show that the plaintiff's pleading mistake was "honest" and did not "prejudice" defendants.[15] The court finds both of these showings met here.

To show that a mistake was honest, a plaintiff must demonstrate that he did not "engage[] in deliberate tactical maneuvering."[16] Here, there is no suggestion that the Smarts misrepresented themselves as administrators of Mr. Smart's estate when they filed suit in an effort to gain a tactical advantage. Rather, the Smarts and their counsel have submitted

---

[13]*Lemmons*, 2002 WL 370227, at *1 (holding that because the decedent's estate was not an existing entity when the original complaint was filed, no party had the capacity to bring a survival action at the time).

[14]*Esposito*, 368 F.3d at 1278 (permitting substitution of a plaintiff who lacked capacity to bring the suit at the time it was filed).

[15]*Id.* at 1276.

[16]*Id.*

declarations attesting that the mistake of prematurely labeling the Smarts administrators was based on the Smarts' belief that, as Mr. Smart's closest living relatives, they automatically became administrators upon his death.[17]  Counsel Andrew B. Protzman attests that his pre-filing conversations with the Smarts led him to believe they had been appointed as co-administrators of Mr. Smart's estate.[18]  The case then proceeded for more than three years with plaintiffs and their counsel being none the wiser.

Mr. Protzman and co-counsel Brad Kuhlman both declare they learned of the mistake in November 2017 when reviewing defendants' proposed pretrial order.[19]  In the proposed pretrial order, defendants asserted for the first time that the Smarts could not maintain the asserted § 1983 claims because an estate had not been created.  Upon learning this fact, Mr. Protzman drafted and filed a petition for letters of administration.[20]  On November 16, 2017, the Sedgwick County District Court issued letters of administration to the Smarts.[21]  The Smarts filed the instant motion to amend on December 15, 2017.  Thus, within weeks of the mistake having been identified, plaintiffs took the proper steps to be named administrators of Mr. Smart's estate and moved for recognition by the court that they were properly

---

[17]ECF Nos. 172-1 at 1 & 172-2 at 1.

[18]ECF No. 172-3 at 2.

[19]*Id.* & ECF No. 172-4 at 1.

[20]ECF No. 172-3 at 2.

[21]ECF No. 172-5.

prosecuting the survival claims in that capacity. Although defendants assert plaintiffs should have realized their mistake earlier when they were served with a discovery request seeking documents related "to the probate or administration of the estate of Marquez Smart,"[22] the Tenth Circuit has noted, "we have never required a plaintiff seeking substitution to show that his mistake was 'understandable' in addition to being 'honest.'"[23] "[S]o long as the plaintiff did not act in bad faith," the Tenth Circuit has suggested that "even a mistake that should have been patently obvious does not automatically foreclose a later substitution."[24] The court finds plaintiffs' mistake honest and not in the realm of tactical maneuvering designed to prejudice defendants.

The court also finds defendants will not be prejudiced if the Smarts are now permitted to prosecute Mr. Smart's survival claims in their capacity as co-administrator's of his estate. The original complaint gave defendants notice that the Smarts were alleging § 1983 claims based on events surrounding Mr. Smart's death. The original complaint did not mistakenly omit a defendant or claim, so no party should be surprised by the claims asserted against it.[25] The claims in the proposed second amended complaint remain unchanged, and clarification

---

[22]ECF No. 178 at 3 (quoting defendants' first request for production, Request 13).

[23]*Esposito*, 368 F.3d at 1276.

[24]*Id.* (citing *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971)).

[25]*Payne*, 2007 WL 1019193, at *3.

of the timing of the Smarts' appointment as administrators will not cause defendants undue surprise or unfairness.[26]

The court therefore finds that permitting ratification by the Smarts in their capacity as administrators of Mr. Smart's estate is proper under Rule 17(a)(3). Although defendants correctly note the Smarts were not appointed administrators until after the applicable two-year statutes of limitation had run, the Tenth Circuit has recognized that the "main thrust" of Rule 17(a) "is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest."[27] Rule 17(a)(3) directs that after "ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." "This mandatory relation-back provision means that, once it is concluded that the administrator of the estate is the real party in interest and the administrator is allowed to join as a plaintiff, the administrator's claim automatically relates back to the filing of the action."[28] Here, because

---

[26]*Hjersted Family Ltd. P'ship v. Hallauer*, No. 06-2229-CM, 2009 WL 348275, at *2 (D. Kan. Feb. 11, 2009) (Because "substitution would not cause undue surprise or unfairness" where claims remained unchanged, defendants failed "to establish that substitution would result in prejudice"); *Lemmons*, 2002 WL 370227, at *3 (finding no prejudice where the "survival claims brought by the estate . . . in the amended complaint arise out of the same occurrence complained of in the original complaint").

[27]*Garcia v. Hall*, 624 F.2d 150, 151 n.3 (10th Cir. 1980) (quoting 3A Moore's Federal Practice 17.15-1, at 17-182 (2d ed. 1979)).

[28]*Lemmons*, 2002 WL 370227, at *3. *See also, Payne*, 2007 WL 1019193, at *3 ("[T]he substitution pursuant to the second amended complaint has the effect as if the action
(continued...)

the Smarts ratified the action after their appointment as administrators of their son's estate, it's as if the action had initially been commenced properly by the real parties in interest.[29]

The court concludes that under Rule 17(a), it is proper to permit the Smarts to file a second amended complaint that effectively ratifies this action by pleading they were appointed as administrators of Mr. Smart's estate, making clear they are prosecuting Mr. Smart's survival claims as administrators of the estate.[30]

IT IS THEREFORE ORDERED that plaintiffs' motion to file a second amended complaint is granted.  Plaintiffs are directed to file their second amended complaint as a separate docket entry forthright.  Because the second amended complaint makes no substantive change to the facts or claims at issue in this case, but simply recognizes the

---

[28](...continued)
had been commenced by Ms. Payne as the administrator of Mr. Brown's estate.  *See* Fed. R. Civ. P. 17(a).  Therefore, defendants' arguments regarding the expiration of the statute of limitations and a lack of pendant jurisdiction are moot."); *Metro. Paving*, 439 F.2d at 306 ("The fact that an applicable statute of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the facts and issues on which the action is based.").

[29]*See Estate of Fortunato v. Handler*, 969 F. Supp. 963, 965 (W.D. Pa. 1996) (where plaintiff originally filed suit on behalf of brother's estate but had not yet been appointed administrator of the estate, "his post-appointment ratification of the suit ha[d] the same effect as if the action had initially been commenced in the name of the real party in interest pursuant to Fed. R. Civ. P. 17(a)").

[30]Although, as noted above, the court finds it appropriate to analyze plaintiffs' motion under Rule 17(a), rather than under Rule 15(a), the above-stated facts also indicate that amendment would be appropriate under the standards of Rule 15(a).  There is no showing of undue delay or bad faith on the part of the Smarts, nor is there a showing of undue prejudice to defendants.

Smarts' ratification of the action as co-administrators of Mr. Smart's estate, defendants need not file new answers to the second amended complaint. The answers and affirmative defenses asserted in response to the first amended complaint (*see* ECF Nos. 11and 14) will be preserved in a revised draft pretrial order which the undersigned will circulate to counsel soon. As directed in the court's November 17, 2017 order (ECF No. 170), counsel must meet and confer about the draft pretrial order, and e-mail their proposed "red-lined" changes to the undersigned's chambers by February 15, 2018.

Dated January 24, 2018, at Kansas City, Kansas.

  s/ James P. O'Hara   
James P. O'Hara
U.S. Magistrate Judge