IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE ESTATE OF MARQUEZ SMART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 14-2111-JPO |
| | ) | |
| THE CITY OF WICHITA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

  This case arises from the fatal shooting of Marquez Smart by police officers in Wichita, Kansas, on March 10, 2012.  Plaintiffs, Mr. Smart's parents acting as both administrators of his estate and as his heirs, brought federal claims against the City of Wichita ("the City") and Wichita police officers Lee Froese and Aaron Chaffee under 42 U.S.C. § 1983 for excessive force.  Plaintiffs also brought negligence and wrongful death claims under Kansas law.  On August 7, 2018, the court granted summary judgement on the federal claims and declined to exercise supplemental jurisdiction over the remaining state-law claims, dismissing them without prejudice.[1]  On appeal, the Tenth Circuit affirmed the grant of summary judgment as to all defendants on two federal claims and the grant of summary judgment as to Officer Froese and the City on a third federal claim, but

---

[1] ECF No. 205 at 56.

1

reversed the grant of summary judgment as to Officer Chaffee on plaintiffs' claim that Officer Chaffee shot Mr. Smart after it would have been apparent to a reasonable officer that Mr. Smart was not a threat.[2]  The Tenth Circuit declined plaintiffs' request to order this court to reconsider whether to exercise supplemental jurisdiction over the state-law claims, but citing Fed. R. Civ. P. 60(b), noted "plaintiffs are free to request reconsideration (to the extent the rules permit) in subsequent proceedings before the district court."[3]

Plaintiffs have now filed a motion asking the court to set aside its dismissal of their state-law claims under Rule 60(b)(5) and to exercise supplemental jurisdiction over those claims with respect to Officers Froese and Chaffee (**ECF No. 228**).  Because the court would decline to exercise supplemental jurisdiction over the state-law claims based on their current unsettled, nuanced status under Kansas law, the motion to set aside their dismissal is denied.

I.    <u>Background</u>

In the early morning hours of March 10, 2012, as hundreds of people left bars and concert venues in Wichita's Old Town neighborhood at closing time, a gunshot rang out. Chaos ensued, as members of the crowed began screaming and running.  Mr. Smart, who is black, began running through the crowd and was pursued on foot by Wichita police

---

[2] ECF No. 221-2.

[3] *Id.* at 29-30.

officers.  It is undisputed that Officers Froese and Chaffee intentionally shot Mr. Smart multiple times from behind.  Mr. Smart died from the gunshot wounds.

Plaintiffs filed this suit on March 7, 2014.  As noted above, one § 1983 excessive-force claim remains, which the court has set for trial to begin on January 11, 2021.[4]  The court now decides whether to revive plaintiffs' state-law claims so that they may proceed in this forum as well.[5]

II.  Legal Standards

Rule 60(b)(5) permits a court, "[o]n motion and just terms," to relieve a party from a judgment or order that "is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  But "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances."[6]  District courts have "substantial discretion" in deciding whether to grant such relief.[7]

---

[4] ECF No. 230.

[5] After the court dismissed plaintiffs' state-law claims without prejudice, plaintiffs timely refiled those claims in Sedgwick County District Court.  *See* Case No. 2019-CV-000288-TO.  The state case has been stayed, pending the outcome of this case, upon a joint motion of the parties. *See* ECF No. 235-1.

[6] *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation and citation omitted); *see also Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (same).

[7] *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996); *see also Zurich,* 426 F.3d at 1289 ("This Court reviews a district court's denial of a Rule 60(b) motion for abuse of discretion."); *Amoco Oil Co. v. E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000) ("We have routinely reviewed a district court's denial of a Rule 60(b) motion for abuse of discretion.").

O:\Trial\14-2111_Smart v. City of Wichita\14-2111-JPO-228.docx

Here, plaintiffs assert they should be relieved of the court's order dismissing their state-law claims because the court's rationale for declining to exercise jurisdiction over those claims was the dismissal of all federal claims.[8]  Indeed, the court determined it had supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a),[9] but nonetheless declined to exercise that jurisdiction, as permitted by 28 U.S.C. § 1367(c)(3),[10] based on the Tenth Circuit's directive that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[11]  Plaintiffs argue that because the Tenth Circuit has remanded a federal claim against Officer Chaffee, the court's earlier reason for dismissing the state-law claims has fallen away.[12]

---

[8] *See* ECF No. 205 at 55.  *See also Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (ruling that order dismissing state-law claims without prejudice when summary judgment is entered on federal claims is a final and appealable order).

[9] ECF No. 205 at 54-55.

[10] 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]").

[11] ECF No. 205 at 55 (quoting *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)).

[12] *See Aviall Servs., Inc. v. Cooper Indus., LLC*, 572 F. Supp. 2d 676, 702 (N.D. Tex. 2008) ("Because the dismissal of the state-law claims was inextricably intertwined with the dismissal of the federal-law claims, it followed that if the rationale for dismissing the federal-law claims fell away, the predicate for dismissing the state-law claims did as well.").

4

Defendants counter that the court should refuse to grant the extraordinary Rule 60(b) relief requested by plaintiffs because even if the court's original reason for declining to exercise supplemental jurisdiction is now null, additional reasons counsel against exercising jurisdiction over the state-law claims.  The court agrees.

The doctrine of supplemental jurisdiction, codified at 28 U.S.C. § 1367, is derived from the "pendent jurisdiction" principles set out by the Supreme Court in *United Mine Workers of America v. Gibbs*[13] and *Carnegie–Mellon University v. Cohill*.[14]  *Gibbs* established that pendent jurisdiction "is a doctrine of discretion,"[15] and *Cohill* directed district courts to "deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."[16]  Section 1367 "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise."[17]  Section 1367(c) states,

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if—
>
> (1) the claim raises a novel or complex issue of State law,

---

[13] 383 U.S. 715 (1966).

[14] 484 U.S. 343 (1988).  *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (stating, "[t]he supplemental jurisdiction statute codifies these principles [set out in *Gibbs* and *Cohill*]").

[15] 383 U.S. at 726.

[16] 484 U.S. at 357.

[17] *City of Chicago,* 522 U.S. at 173.

5

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[18]

If one of the factors is present, then, the exercise of supplemental jurisdiction is discretionary.[19]  The Tenth Circuit has directed district courts to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."[20]  The court's decision on supplemental jurisdiction is reviewed for abuse of discretion.[21]

III.   Analysis

Plaintiffs' state-law negligence claim asserts Officers "Froese and Chaffee breached their duty of care duty to Smart by negligently shooting him in the back under

---

[18] 28 U.S.C. § 1367(c).

[19] *See Mocek v. City of Albuquerque*, 813 F.3d 912, 935 (10th Cir. 2015) (ruling "the court may decline to hear a supplemental claim in enumerated circumstances").

[20] *King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018) (quoting *Cohill*, 484 U.S. at 350).  Because the court has a duty to evaluate the exercise of supplemental jurisdiction "at every stage of the litigation," the court is not persuaded by plaintiffs' assertion that it should give weight to the fact that defendants have not previously opposed the court's exercise of supplemental jurisdiction.

[21] *Mocek*, 813 F.3d at 935 (citing *Koch*, 660 F.3d at 1248).

circumstances that did not warrant or justify such action."[22]  Plaintiffs contend Mr. Smart was unarmed and running, like the rest of the crowd, to reach safety when the officers intentionally shot him.[23]

Defendants argue exercising jurisdiction over the Kansas negligence claim would be futile because the claim is essentially a battery claim and thereby barred by a one-year statute of limitations.[24]  Futility is not one of the grounds enumerated in § 1367(c) for declining to exercise supplemental jurisdiction, and the court will not base its decision on this argument specifically.

However, when a state-law claim "raises a novel or complex issue of State law" the court does have discretion not to exercise supplemental jurisdiction.[25]  Here, whether plaintiffs' negligence claim is viable or whether it must be construed as an untimely battery claim is a complex issue of Kansas law, the nuances of which Kansas courts are in the midst of defining.  Under these circumstances, the court finds it prudent to decline the exercise of supplemental jurisdiction over the claim.

---

[22] ECF No. 184 at 10 (pretrial order).

[23] ECF No. 184 at 4.

[24] ECF No. 232 at 5.  This argument is more fully developed in defendants' motion for summary judgment (ECF No. 190) and related briefing (ECF Nos. 191 at 44 & 52, 197 at 99-100, and 204 at 30).

[25] 28 U.S.C. § 1367(c)(1).

Over the years, courts have reached differing conclusions on whether Kansas would recognize a claim for the negligent use of intentional force by police officers, or whether claims so pleaded are actually disguised battery claims and should be treated as such.[26] Several District of Kansas cases concluded Kansas would recognize such a negligence claim and denied requests to dismiss such claims as legally unfounded.[27]  But Kansas appellate courts had never directly addressed the issue, and the Tenth Circuit declined to weigh in on "the status of such a [negligence] claim" under Kansas law.[28]  If such were the current state of the caselaw, the court likely would proceed to exercise jurisdiction over plaintiffs' negligence claim.

But earlier this year, the Kansas Court of Appeals addressed this issue head on.  In *Estate of Randolph v. City of Wichita*, the Court of Appeals considered the viability of a negligent-use-of-force claim brought by the estate of a man fatally shot by a police officer in his front yard.[29]  The officer-defendant, like defendants here, asserted Kansas does not

---

[26] *See Estate of Randolph v. City of Wichita*, 459 P.3d 802, 822-23 (Kan. Ct. App. 2020) (collecting cases).

[27] *See, e.g., Richard v. City of Wichita,* No. 15-1279-EFM, 2016 WL 5341756, at *8 (D. Kan. 2016); *Patterson v. City of Wichita*, No. 12-1308-JAR, 2014 WL 2533180, at *7-8 (D. Kan. 2014); *Price v. City of Wichita*, No. 12-1432-CM, 2013 WL 6081103, at *4 (D. Kan. 2013).

[28] *Grauerholz v. Adcock*, 51 F. App'x 298, 301 (10th Cir. 2002) ("Because we have concluded that there are no material facts in dispute on the negligent use of excessive force claim, we do not reach questions of Kansas law concerning the status of such a claim . . . .").

[29] 459 P.3d at 822-23.

recognize a cause of action for negligent use of force and argued such claims "are categorically 'disguised' battery claims" brought by plaintiffs who have failed to file their actions until after the one-year statute of limitations for battery has run.[30]  After carefully analyzing the caselaw from Kansas and across the country, the Court of Appeals concluded a negligent use of force claim "*likely* exists under Kansas law:" [31]

> Upon a cursory look, negligent use of force seems to be a strange tort, since the application of force typically entails an intentional act and, thus, seems at odds with a claim grounded in careless or inadvertent conduct.  But, as with much in the law, looks can be deceiving, and first impressions often yield to the nuance of more studied review.  Some unusual scenarios involving law enforcement officers suggest an analytical basis for the claim.[32]

Although the court "presume[d]" (without firmly deciding) that "in *some* circumstances a person might be able to bring a negligence claim under Kansas law arising out of an incident involving a law enforcement officer's physical contact with that person, resulting in an injury,"[33] it declined "to define the contours of those circumstances in this case."[34]  It is clear from this discussion that the status of a negligent-use-of-force claim under Kansas law is evolving and complex.  The parties in *Estate of Randolph* have filed cross-motions for review, further demonstrating the uncertainty surrounding this state-law

---

[30] *Id.* at 823 (citing K.S.A. 60-514(b)).

[31] *Id.* at 822 (emphasis added).

[32] *Id.*

[33] *Id.* at 823 (emphasis in original).

[34] *Id.*

issue.  As a practical matter, should the Kansas Supreme Court grant review, it's highly unlikely a definitive ruling on whether negligent use of force is a viable claim under Kansas law would be handed down until long after January 2021 when the § 1983 claim goes to trial in this court.

"[U]nsettled issue[s] of state law" permit the court to decline the exercise of supplemental jurisdiction pursuant to § 1367(c)(1).[35]  The Tenth Circuit has advised, "Where a state law cause of action is . . . in a process of current evolution, it is particularly appropriate for the federal courts to leave the continuing development and application of that cause of action to the state courts."[36]  The current uncertainty around whether Kansas would recognize plaintiffs' negligence claim, as well as the complex issues of state law

---

[35] *Snow v. Alliance, Inc.,* No. 13-2500-RDR, 2014 WL 1011484, at *3 (D. Kan. Mar. 14, 2014) (concluding, "rather than decide this unsettled issue of state law, the court shall decline to exercise supplemental jurisdiction over plaintiff's wrongful discharge claim"); *see also Patel v. Hall*, 849 F.3d 970, 987-88 (10th Cir. 2017) ("On remand, the district court should first reconsider whether it should decline to exercise pendent jurisdiction over the state law claims and instead dismiss them without prejudice in light of the limited nature of the sole remaining federal claim in this action and the arguable existence of some unsettled questions of state law."); *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997) (noting that where state courts "have never squarely addressed" the state-law question before the district court, the district court is counseled to decline the exercise of supplemental jurisdiction); *Hubbard v. Oklahoma*, 759 F. App'x 693, 714 (10th Cir. 2018) (holding court should decline supplemental jurisdiction over state claims when it dismisses federal claims "especially. . . when . . the claims present potentially unsettled questions of state law"); *Ingerson v. Healthsouth Corp*., 139 F.3d 912, *8 (10th Cir. 1998) (table) ("In light of . . . the unsettled nature of the law in this area, and the complex issues of state law presented, we decline to exercise supplemental jurisdiction over . . . the state law claim.").

[36] *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).

O:\Trial\14-2111_Smart v. City of Wichita\14-2111-JPO-228.docx

surrounding the nuances of any potential claim, counsel in favor of leaving this issue to the state court to decide.  Any efficiencies for the court or parties that would come from the exercise of supplemental jurisdiction over the claim is outweighed by issues of comity.[37]

Plaintiffs' "wrongful death/survivor action" claims are not distinct legal bases for imposing liability on defendants, but instead are "properly treated as conflating the procedural mechanisms for recovering damages based on otherwise actionable injuries done to [decedent] that survive his death and for damages his heirs and estate may recover if his death resulted from a third party's wrongful conduct."[38]  Thus, to the extent these

---

[37] The court notes that, were it to exercise supplemental jurisdiction and decide the substantive issue of the viability of plaintiffs' negligence claim, it would be inclined to grant summary judgment for defendants on that claim based on guidance gleaned from *Estate of Randolph.*  There, the Kansas Court of Appeals ruled the fatal shooting by the police officer, who "understood the likely consequence of his conduct was a grave or fatal injury," "virtually defines a civil battery if not otherwise privileged." 459 P.3d at 823.  The facts as claimed by plaintiffs here likewise seem to lie in battery and would not support a negligence claim.  Thus, although the court grants defendants' request to decline supplemental jurisdiction over the state-law claims, defendants may come to regret their tactical decision, especially if Officer Chaffee gets a defense verdict on the § 1983 claim in federal court and plaintiffs get a second bite at the apple by proceeding to trial on their negligence claim in Sedgwick County District Court.

[38] *Estate of Randolph,* 459 P.3d at 823-24 (citing K.S.A. 60-1801, which recognizes claims for personal injury and wrongful death survive the death of the victim and may be brought by the decedent's estate, and K.S.A. 60-1901, which recognizes a wrongful-death action for damages suffered by heirs).  *See also Bonura v. Sifers*, 181 P.3d 1277, 1281 (Kan. Ct. App. 2008) ("Under K.S.A. 60–1901, an action for wrongful death must be premised upon an underlying cause of action the decedent would have been able to bring if he or she had survived."); *id.* at 1285 (recognizing K.S.A. 60-1801 is a saving statute such that "a cause of action for personal injury to a person survives the death of that person"); *Flagg v. Loy*, 734 P.2d 1183, 1185 (Kan. 1987) (ruling K.S.A. 60-1901 is a wrongful-death survival statute that "creates no new cause of action for heirs").

state claims are asserted for damages arising from plaintiffs' negligence claim against Officers Froese and Chaffee, the court declines to exercise jurisdiction over them.  But these claims do go forward in this forum to the extent they are based on plaintiffs' § 1983 excessive-force claim against Officer Chaffee.

Defendants seem to suggest that the wrongful-death claim asserted by plaintiffs as Mr. Smart's heirs for the losses they suffered due to Mr. Smart's death could not or should not be asserted as part of the § 1983 case being brought by plaintiffs as administrators of Mr. Smart's estate.[39]  Defendants have cited no case that supports their position. Although it's true that only the estate of a deceased victim may bring a § 1983 claim alleging death as a result of a constitutional violation, it's not uncommon for heirs of the deceased (especially when they are also the administrators of the estate) to assert state wrongful-death claims on their own behalf in the same case.[40]  Such was the situation in *Berry v. City of Muskogee*, in which the Tenth Circuit set the types of damages available in § 1983 cases

---

[39] ECF No. 232 at 7.

[40] *See, e.g., Sumner v. City of Winfield*, No. 07-1187-JTM, 2009 WL 873010, at *1 (D. Kan. March 30, 2009); *see also Sudac v. Hoang*, No. 03-2520-GTV, 2004 WL 1125153, *1-3 (D. Kan. May 13, 2004) (granting leave to amend to allow plaintiff to assert § 1983 claim as a representative of estate, in addition to her Kansas wrongful-death claim) *Carter v. City of Emporia*, 543 F. Supp. 354, 357 (D. Kan. 1982) (granting plaintiff, the administrator of decedent's estate, an extension of time to file an amended § 1983 complaint that added decedent's heirs as plaintiffs to assert wrongful-death claim).

O:\Trial\14-2111_Smart v. City of Wichita\14-2111-JPO-228.docx

ending in the death of the victim.[41]   The Tenth Circuit determined the plaintiff, as administrator of the estate, could recover compensatory damages recognized in common-law tort actions for the § 1983 claim, but was not foreclosed from also bringing a state wrongful-death claim so long as there was "no duplication of recovery."[42]

The court also rejects defendants' unsupported assertion that allowing plaintiffs to bring the wrongful-death claim will increase the "complexity of the trial" based on the differing damages available for each claim.[43]   The court is confident it will not be difficult to frame the jury instructions to ensure there is no duplication of recovery to plaintiffs in their dual roles.

IT IS THEREFORE ORDERED that because the court would decline to exercise supplemental jurisdiction over plaintiffs' state-law negligence claim, equitable considerations do not justify Rule 60(b)(5) relief.   Plaintiffs' motion for relief from judgment is denied.

Dated July 14, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[41] 900 F.2d 1489, 1506–07 (10th Cir. 1990) (concluding "the remedy should be a survival action, brought by the estate of the deceased victim," in which punitive and compensatory damages are recoverable).

[42] *Id.* at 1507.

[43] ECF No. 232 at 7.

O:\Trial\14-2111_Smart v. City of Wichita\14-2111-JPO-228.docx