UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF MARQUEZ SMART, by Randall Smart and Brenda Bryant as Administrators of the Estate of Marquez Smart,

Plaintiff,

v.

OFFICER AARON CHAFFEE, in his individual capacity,

Defendant.

Case No. 14-2111-JPO

**ORDER**

This case is set No. 1 for trial in Wichita on August 16, 2021. The undersigned U.S. Magistrate Judge, James P. O'Hara, invites input from the parties on two issues. First, since the parties have requested and the court has agreed to summon a venire of 100 persons (four times the usual for civil cases in this district), should a jury questionnaire be used to expedite inquiry during voir dire? Second, since trial is expected to take two weeks, should the jury, once impaneled, be given substantive instructions (verbally and perhaps in writing too) on the controlling legal standards, so it can better understand the evidence presented?

With regard to the first question, counsel previously have been informed that the court is willing to consider a jury questionnaire, provided the parties could agree on the basic format and almost all of the questions. Stated differently, if agreement can't be

reached on these points, the court will simply proceed without a questionnaire and conduct voir dire the usual way, but still strive to select and impanel a jury in one day or less.

Trial is five months way. But if the parties want to use a questionnaire, they need to get started on that soon. In addition to developing, negotiating, and finalizing the questionnaire, enough time must be allocated for the Clerk's Office to mail the questionnaire and for the venire to respond (which experience tells us may require at least one re-mailing), for the responses to be processed by the Clerk's Office, and for counsel and any jury consultants to review the processed results. Having conferred with the Clerk's Office, the court has determined that any questionnaire in this case would have to be mailed to the venire by mid-May.

With regard to the second question, the court already has devoted a considerable amount of time reviewing the parties' proposed jury instructions and the objections to same (ECF Nos. 274-76 and 278-79). Not surprisingly, the parties disagree on many points, and both sides' proposed instructions tend to be subtly argumentative, or misstate or gloss over controlling law, and sometimes both. In any event, as counsel have been informed, historically the court has refrained from giving any substantive jury instructions on the controlling law at the beginning of trials unless the parties agree on those instructions, i.e., absent agreement, the court gives substantive instructions only after all the evidence has been presented. By the same token, given that the law in this area often confounds even experienced lawyers and judges, as a practical matter the court is concerned about a lay

jury's ability to follow and understand the evidence that will be presented in this case without clear instructions on the front end. Depending on how the evidence comes in during trial, and subject of course to the parties' right under Fed. R. Civ. P. 51 to lodge objections, attached as Exhibit 1 to this order are the substantive instructions the court presently plans to give to the jury right before closing arguments.[1] The court respectfully suggests that the parties consider stipulating to these instructions also being given before any evidence is presented (with some minor modifications as to tense). To be clear, though, the court is not requiring or inviting any objections to these draft instructions at this time – that will be deferred until a formal Rule 51 conference is conducted during trial.

By **April 15, 2021**, the parties must jointly file a status report addressing the two above-described questions. The report, which must be limited to 10 double-spaced pages, must have attached to it any proposed questionnaire upon which the parties have agreed and identify any disagreements about specific questions.

SO ORDERED.

Dated March 18, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

[1] The "source" information is included in Exhibit 1 for counsels' benefit, but will not be included in any instructions provided the jury.

**EXHIBIT 1**

INSTRUCTION NO. ___

This instruction summarizes the parties' claims and defenses. These claims and defenses may not be considered by you as evidence.

The Plaintiff, the Estate of Marquez Smart, Deceased, acting by and through Randall Smart and Brenda Smart as administrators of the Estate, claims that the Defendant, Wichita Police Officer Aaron Chaffee, violated Mr. Smart's right under the Fourth Amendment of the United States Constitution to be free from the use of excessive force. Specifically, Plaintiff claims that on March 10, 2012, Officer Chaffee continued to shoot at and ultimately killed Mr. Smart after it would have been apparent to a reasonable police officer that Mr. Smart posed no threat. Plaintiff seeks damages that are claimed to have resulted from the violation of Mr. Smart's constitutional rights.

Officer Chaffee denies Plaintiff's claims and the nature and extent of the claimed damages. Officer Chaffee asserts he used only objectively reasonable force against Mr. Smart to eliminate an imminent threat of serious injury to himself and others. Officer Chaffee further asserts he ceased firing his weapon once it would have been apparent to a reasonable police officer that Mr. Smart posed no threat.

Source: *See* Pretrial Order (ECF No. 184 at 9-11); *see also* Plaintiff's Proposed Jury Instructions (ECF No. 276 at 2), and Defendant's Proposed Jury Instructions (ECF No. 274 at 4).

INSTRUCTION NO. ______

This case originally involved other claims by Plaintiff against the City of Wichita and Wichita Police Officer Lee Froese. But those claims are no longer in this case. So, you may not consider those claims in any way when deciding Plaintiff's claim against Officer Chaffee.

Source: *See* Jury Instruction No. 2 in *Thomas v. City of Wichita* (ECF No. 129 in Case No. 13-1040-EFM).

INSTRUCTION NO. ______

Plaintiff brings its claim under a federal statute, that is, Section 1983 of Title 42 of the United States Code, which is sometimes referred to simply as "Section 1983." This statute provides that any person who, under color of law, deprives another of any rights secured by the U.S. Constitution, shall be liable to the injured party.

Under the Fourth Amendment of the U.S. Constitution, persons have a right to be free from the use of excessive force by police officers.

Source: *See* Plaintiff's Proposed Jury Instructions (ECF No. 276 at 4) (no objection by defendant) (modified to delete references to "privileges or immunities" and "or laws of the United States," as none are relevant to this particular case; further modified to explain Fourth Amendment right to be free from excessive force).

INSTRUCTION NO. ______

In order for Plaintiff to recover on its Section 1983 claim against Officer

Chaffee, the following elements must be proven by a preponderance of the evidence:

1. Officer Chaffee used excessive force against Mr. Smart by continuing to shoot at Mr. Smart after it would have been apparent to a reasonable police officer that Mr. Smart was not a threat.
2. Mr. Smart sustained damages as a result of a wound from a shot fired after it would have been apparent to a reasonable police officer that Mr. Smart was not a threat.

Source: *See* Plaintiff's Proposed Jury Instructions (ECF No. 276 at 5) and Defendant's Proposed Jury Instructions (ECF No. 274 at 5).

INSTRUCTION NO. ______

Whether force used by a police officer is excessive is governed by what is known as the "objective reasonableness" standard of the Fourth Amendment. In determining whether the force employed was excessive, you must consider the particular use of force from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The basic question, therefore, is whether the officer's actions were objectively reasonable in light of the totality of facts and circumstances confronting him, without regard to his underlying intent or motivation.

In determining whether the force employed was reasonable, you must allow for the fact that officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. Relevant factors include, but are not limited to, (1) the severity of the crime at issue, (2) whether the subject poses an immediate threat to the safety of the officer or others, and (3) whether the subject is resisting or attempting to evade arrest by flight. Deadly force may be used only if it is reasonably believed necessary to prevent serious physical harm to officers or others, or to prevent the escape of a suspect that a reasonable officer would have probable cause to believe committed a crime involving the infliction or threatened infliction of serious physical harm. A use of force may be justified by a reasonable belief, even if the officer is mistaken in that belief.

Source: *See* Jury Instruction No. 12 in *Choate v. City of Gardner* (ECF No. 248 in Case No. 16-2118-JWL); *Reavis v. Frost*, 967 F.3d 978 (10th Cir. 2020). *See also* Defendant's Proposed Jury Instructions (ECF No. 274 at 6-7) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Wilson v. Meeks*, 52 F.3d 1547, 1552-53 (10th Cir.1995); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 780 (10th Cir.1993); *Damm v. Sparkman*, 609 F.Supp. 749 (D. Kan. 1985); *Burr v. Gilbert*, 415 F. Supp. 335 (E.D. Wish. 1976); *Raley v. Fraser*, 747 F.2d 287 (5th Cir. 1984); *Polite v. Diehl*, 507 F.2d 119, 142 (3d Cir. 1993); *Street v. Parham*, 929 F.2d 537, 538 (10th Cir. 1991); and *Samples v. City of Atlanta*, 916 F.2d 1548, 1553 (11th Cir. 1990)); Plaintiff's Proposed Jury Instructions (ECF No. 276 at 5) (modified to delete duplicative material).

INSTRUCTION NO. ______

The term "probable cause" is used in the immediately preceding instruction. Probable cause exists if facts and circumstances within the officer's knowledge and of

which he has reasonably trustworthy information are sufficient to lead a prudent person to believe that the suspect has committed or is committing an offense an offense involving the infliction or threatened infliction of serious physical harm.

Source: Defendant's Proposed Jury Instructions (ECF No. 274 at 8) (citing *Miller v. City of Nichols Hills Police Dep't*, 42 F. App'x 212, 215 (10th Cir. 2002) (modified to delete duplicative material and references to qualified immunity).

INSTRUCTION NO. ______

You have heard evidence that bystanders were injured during the incident involved in this case. You may not consider injuries to bystanders in arriving at your verdict. That is, your verdict must be limited only to the issue of whether Officer Chaffee continued to shoot at Mr. Smart after a reasonable officer would have been able to react and cease firing upon recognizing that Mr. Smart posed no threat.

Source: Defendant's Proposed Jury Instructions (ECF No. 274 at 10) (citing *Riggs v. Cory*, No. 09-1105-EFM, Doc. 209, Jury Instruction 16, modified; *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022 (2014); and *Broadrick v. Oklahoma*, 413 U.S. 601, 610-11 (1973)).

INSTRUCTION NO. ____

During the trial, I informed you that the parties had agreed or stipulated to certain facts. That stipulation was then read to you. As I indicated to you at that time, these instructions contain a written copy of those stipulations agreed upon by the parties. The parties stipulate that:

1. Officer Chaffee was acting under the color of state law when he shot Mr. Smart; and

2. Officer Chaffee used deadly force against Mr. Smart.

A stipulation simply means that both parties accept these facts as true. There was no disagreement over these facts, so there was no need for evidence on either side of these facts. Since the parties have so agreed, you must take these facts as true for the purposes of this case.

Source: Plaintiff's Proposed Jury Instructions (ECF No. 276 at 3) (no objection by defendant).

INSTRUCTION NO. ______

If you find in favor of Plaintiff, you must determine damages. As mentioned previously, Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for the deprivation of a constitutional right allegedly caused by Officer Chaffee. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence. This does not mean, however, that compensatory damages are restricted to the actual loss of money. They include both the physical and mental aspects of injury, even if they are not easy to measure. A damages award need not be mathematically exact. But there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

You may consider only the following types of damages claimed by Plaintiff:

1. The physical pain and suffering Mr. Smart experienced as a result of Officer Chaffee's use of deadly force, including loss of life;
2. The emotional and mental suffering Mr. Smart experienced, including fear, humiliation, and mental anguish; and
3. Mr. Smart's loss of the capacity to carry on and enjoy his life's activities in a way he would have done had he lived.

If you find in favor of Plaintiff but you find that Plaintiff has failed to prove actual damages, you must return an award of nominal damages not to exceed one dollar. The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages do not flow from the deprivation.

Source: *See* Plaintiff's Proposed Jury Instructions (ECF No. 276 at 6) (citing Eighth Circuit Manual of Model Jury Instructions § 4.70), and Defendant's Proposed Jury Instructions (ECF No. 274 at 13-14).

INSTRUCTION NO. ______

During trial, the court admitted certain evidence for limited purposes. You are reminded once again that such evidence may be considered only for those purposes.

For example, you have heard evidence concerning how Officer Chaffee was trained. As you were instructed during trial, how Officer Chaffee was trained may be considered,

along with all other evidence in the case, as evidence relevant to the reasonableness of his conduct with regard to Mr. Smart. But how Officer Chaffee was trained is not conclusive evidence of the reasonableness of his conduct.

Source: *See* Court's Omnibus Limine Order (ECF No. 277 at 28-31).